PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON BIELICKI, | ) | |
| | ) | CASE NO. 4:16CV2677 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| CHIEF US MARSHAL, *et al*., | ) | |
| | ) | |
| Defendants. | ) | **MEMORANDUM OF OPINION AND** |
| | ) | **ORDER** [Resolving ECF No. 25] |

 

 

*Pro se* Plaintiff Jason Bielicki, currently an inmate in the Federal Correctional Institution

in Elkton, Ohio, has filed this *in forma pauperis* action against Defendants Chief US Marshal,

Warden FCI Elkton, and DSCC Director, Federal Bureau of Prisons. ECF No. 1.  Plaintiff

indicates in the caption of the Complaint (ECF No. 1) that he asserts mixed common law and

equity claims for records cancellation and restoration of personal property. ECF No. 1 at PageID

#: 1.  He seeks over $13 million in damages, a Rule 65 Order enjoining "all retaliation of any

sort[,]" and *de novo* review of agency actions and decisions pursuant to 5 U.S.C. § 706.  *Id.* at

PageID #: 9-10.  For the reasons stated below, this action is dismissed pursuant to 28 U.S.C. §

1915A.

Plaintiff's extensive Complaint is extremely difficult to decipher, but appears to allege

that the Bureau of Prisons miscalculated his sentence by failing to properly credit his time as a

pre-trial detainee.

(4:16CV2677)

A district court is expressly required to dismiss any civil action filed by a prisoner seeking relief from a governmental officer or entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000).

Essentially, Plaintiff claims that his sentence is longer than it should be.  The Supreme Court has held, however, that when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of *habeas corpus*." *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A.  The dismissal is without prejudice to any valid *habeas corpus* claim Plaintiff may have under the facts alleged. The Court denies as moot or otherwise not actionable Plaintiff's pending motions to correct docketing, "stay and/or rescind and/or transfer back to DC", and to order the matter to arbitration with class certification.  ECF No. 25.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.


        IT IS SO ORDERED.


 January 30, 2017                          */s/ Benita Y. Pearson*
Date                                       Benita Y. Pearson
                                           United States District Judge